64 P.3d 290

STATE of Hawai'i, Plaintiff–Appellee,

v.

Gary Gilbert GUNSON, Defendant–
Appellant.

No. 24209.

Intermediate Court of Appeals of Hawai'i.

Feb. 7, 2003.

Certiorari Granted March 18, 2003.

Rose Ann Fletcher, Deputy Public Defend-
er, State of Hawai'i, On the briefs,for defen-
dant-appellant.

L. Adrian Dhakwa, Deputy Prosecuting
Attorney, City & County of Honolulu, On the
briefs, for plaintiff-appellee.

WATANABE, Acting C.J., LIM and
FOLEY, JJ.

Opinion of the Court by LIM, J.

In his appeal of the March 12, 2001
judgment of conviction of sexual assault in
the fourth degree and sentence of probation
entered by the circuit court of the first cir-
cuit,[1] Gary Gilbert Gunson (Gunson) raises a
single issue: whether the court plainly erred
in not instructing the jury on the offense of
indecent exposure under Hawaii Revised
Statutes (HRS) § 707–734 (1993),[2] which

---

1. The Honorable Karl K. Sakamoto, judge pre-
siding.

2. Hawaii Revised Statutes (HRS) § 707–734
(1993) provides:

Gunson maintains is a lesser included offense of the charge of sexual assault in the fourth degree under HRS § 707–733(1)(b) (1993).[3] We conclude that any error in this respect was harmless beyond a reasonable doubt under the authority of *State v. Haanio,* 94 Hawai'i 405, 16 P.3d 246 (2001); and *State v. Pauline,* 100 Hawai'i 356, 60 P.3d 306 (Haw. 2002), and therefore affirm. Our disposition of this appeal, under the cited authority, makes it unnecessary to determine whether indecent exposure is an included offense of sexual assault in the fourth degree under HRS § 707–733(1)(b).

When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading.

Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

Error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

*State v. Holbron,* 80 Hawai'i 27, 32, 904 P.2d 912, 917 (1995) (emphasis, brackets, citations, internal quotation marks and block quote format omitted).

 In his opening brief, Gunson first describes the circumstances giving rise to his allegation of plain error: [4]

In this case Defense did not request that an instruction on the lesser included offense of indecent exposure be given to the Jury. Defense withdrew its Proposed Jury Instructions filed on January 5, 2001, however, these proposed instructions did not include a lesser included instruction on the offense of indecent exposure. The lower court did not advise counsel of the lesser included instructions nor, did the lower court engage in any colloquy as to the giving of any lesser included instruction on the offense of Indecent Exposure in violation of HRS § 707–734.[5]

---

(1) A person commits the offense of indecent exposure if, the person intentionally exposes the person's genitals to a person to whom the person is not married under circumstances in which the actor's conduct is likely to cause affront.

(2) Indecent exposure is a petty misdemeanor.

**3.** HRS § 707–733 (1993) provides, in pertinent part:

(1) A person commits the offense of sexual assault in the fourth degree if:

. . . .

(b) The person knowingly exposes the person's genitals to another person under circumstances in which the actor's conduct is likely to alarm the other person or put the other person in fear of bodily injury[.] . . .

. . . .

(2) Sexual assault in the fourth degree is a misdemeanor.

**4.** "This court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system—that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." *State v. Kelekolio,* 74 Haw. 479, 515, 849 P.2d 58, 74–75 (1993) (citation omitted).

"This court will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Vanstory,* 91 Hawai'i 33, 42, 979 P.2d 1059, 1068 (1999) (brackets, citation and internal quotation marks omitted). Hawai'i Rules of Penal Procedure (HRPP) Rule 52(a) (2001) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." HRPP Rule 52(b) (2001) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

**5.** In a case similar to ours, the supreme court held:

Pauline asserts that manslaughter and assault in the first degree are included offenses of [the charged offense of] murder in the second degree. Thus, Pauline urges that the trial court's failure to engage in an on-the-record colloquy with him regarding the withdrawal of the included offense instructions was plain error affecting his substantial rights and denying him a fair trial.

Since defense counsel did not object to the alleged error at trial, we must review the issue

Opening Brief at 15 (citations to the record omitted; footnote supplied). Gunson then argues at length that indecent exposure is a lesser included offense of sexual assault in the fourth degree under HRS § 707–733(1)(b), and that there was a rational basis in the evidence to justify a jury instruction anent indecent exposure.

In its answering brief, the State assumes, *arguendo,* that indecent exposure is a lesser included offense of sexual assault in the fourth degree under HRS § 707–733(1)(b), and implicitly assumes, *arguendo,* that there was a rational basis in the evidence to support an included offense instruction. The State argues, however, that any error in this connection was harmless beyond a reasonable doubt under *Haanio, supra.* In that case, Haanio was charged with robbery in the first degree. The trial court instructed the jury, over Haanio's objection, on the purported lesser included offenses of robbery in the second degree, assault in the first degree and assault in the second degree. The jury convicted Haanio of robbery in the second degree. *Haanio,* 94 Hawai'i at 407–10, 16 P.3d at 248–51. In affirming Haanio's conviction, the supreme court observed that

> the trial court's failure to give appropriate included offense instructions requested by a party constitutes error, as does the trial court's failure to give an appropriate included offense instruction that has not been requested. Such error, however, is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury, "in reaching a unanimous verdict as to the charged offense [or

as to the greater included offense, would] not have reached, much less considered," [*Holbron* ], 80 Hawai'i [at] 47, 904 P.2d [at 932,] the absent lesser offense on which it should have been instructed. [*Id.*] (holding that the trial court's erroneous instruction on the nonexistent included offense of "attempted reckless manslaughter" was "harmless beyond a reasonable doubt" where the jury reached a unanimous guilty verdict as to the charged offense of attempted murder in the second degree). To the extent that *[State v. ]Kupau* [, 76 Hawai'i 387, 879 P.2d 492 (1994),] held that the failure to give an included offense instruction was plain error even when the defendant was convicted of the charged offense, *see [id.*] at 396, 879 P.2d at 501, it conflicts with the rationale of *Holbron,* which we reaffirm here and, in that aspect, [*Kupau* ] can no longer be regarded as controlling.[6]

*Haanio,* 94 Hawai'i at 415–16, 16 P.3d at 256–57 (original footnote omitted; some brackets in the original). It is on this holding, and this holding alone, that the State bases its opposition to the arguments in Gunson's opening brief.

In reply, Gunson seeks to distinguish *Haanio* and its progenitor, *Holbron,* from his case:

> Citing language from the recently decided case of [*Haanio* ], the sole argument raised in the Answering Brief is that the lower court's error was harmless beyond a reasonable doubt. However, as discussed below, *Haanio* is clearly distinguishable from the instant case and thus the harmless error analysis employed in that case is inapplicable herein.
>
> . . . .

under the plain error standard. [*State v. ]Pinero,* 75 Haw. [282,] 291–92, 859 P.2d [1369,] 1374 [ (1993)] ("Ordinarily, instructions to which no objection was made at trial may not be raised as error on appeal[; however,] . . . [w]here an erroneous instruction affected the substantial rights of a defendant, . . . we may notice the error as "plain error[.]").
*State v. Pauline, [*100 Hawai'i at 381, 60 P.3d at 331] (Haw. 2002) (some brackets in the original; footnote omitted).

**6.** In *State v. Kupau,* 76 Hawai'i 387, 879 P.2d 492 (1994), Kupau was charged with assault in the second degree. Neither the State nor Kupau requested a jury instruction on the lesser included offense of assault in the third degree, and the trial court did not give one *sua sponte.* The jury convicted Kupau of assault in the second degree. *Id.* at 390, 879 P.2d at 495.

In *Haanio*, the [supreme] court held that any error by the trial court in failing to give an appropriate lesser included instruction is rendered harmless when

> the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury, "in reaching a unanimous verdict as to the charged offense [or as to the greater included offense, would] not have reached, much less considered," *[Holbron* ], 80 Hawai'i [at] 47, 904 P.2d [at 932,] the absent lesser offense on which it should have been instructed.

*[Haanio,* ]94 [Hawai'i] at 416, 16 P.3d at 256–57[ (footnote omitted) ].

It is this language which the prosecution relies on in arguing that any error herein is harmless. However, the prosecution fails to recognize that *Haanio*, as well as *Holbron*, the case relied on by *Haanio* above, are readily distinguishable from the instant case as the juries in those cases had in fact been provided with instruction on lesser included offenses. Thus, as noted by the [supreme] court in *Haanio*,

> with respect to the various included offenses, the trial court instructed the jury that "if and only if" it found the defendant not guilty of the offense designated or was "unable to reach a unanimous verdict as to that offense, then" it must consider the particular included offense at issue.

*[Haanio,* ]94 [Hawai'i] at 416, 16 P.3d at 257[ (footnote omitted) ].

The instructions given in *Haanio* directed the jury to consider the offenses in descending order of seriousness and also when they were to consider the next offense. In light of these instructions, the *Haanio* court concluded that conviction of the charged offense or of an included offense greater than the erroneously omitted offense rendered any error regarding the included offense instructions harmless. *Id.*

In contrast, the trial court in this case failed to submit any included offenses. Thus, it cannot be concluded from the unanimous verdict as to the charged offense that the jurors would not have reached or considered the absent lesser offense. The jury was never given the opportunity to "consider" the included offense of Indecent Exposure. Unlike *Haanio* or *Holbron*, where the jurors were provided with included offenses, it is not possible to conclude that the failure to provide any instruction on the included offense in the instant case was harmless beyond a reasonable doubt.

The prosecution argues that "inasmuch as the jury convicted [Gunson] of the charged offense, any failure by the trial court to instruct the jury with respect to HRS Section 707–734 was harmless error beyond a reasonable doubt." If the prosecution is correct that it can be presumed from the conviction that any error is harmless, then it could never be error to fail to give a lesser instruction in any case. The duty of the court to instruct the jury on all appropriate lesser included offenses as recognized [in] *Haanio* would be rendered completely meaningless. Having established such a duty based on the importance of lesser included offenses to the criminal justice process, it cannot have been the intention of the *Haanio* court to have also determined that any error by the trial court is nevertheless harmless beyond a reasonable doubt.

The jury in this case was placed in the "all or nothing" position of having to choose between conviction and acquittal which the rule enunciated in *Haanio* seeks to avoid. The evidence showed that [Gunson] acted improperly by exposing himself while sitting in his van parked on a public street. Given such evidence, the jury would not be inclined to acquit him entirely of criminal liability. However, short of conviction as charged, the jury should have been given the opportunity to consider whether [Gunson] intentionally exposed himself under circumstances likely to cause "affront" instead of knowingly exposing himself under circumstances likely to cause

"alarm." Contrary to the prosecution's arguments, the lower court's failure to instruct the jury as to the included offense of Indecent Exposure was not harmless beyond a reasonable doubt.

Reply Brief at 1–5 (footnotes and citations to the Answering Brief omitted; some brackets in the original).

We disagree. No matter how ingeniously Gunson ratiocinates, his reply argument ignores the plain import of the holding quoted from *Haanio*. Moreover, the *Haanio* court expressly disapproved of the plain error holding in Kupau, *Haanio*, 94 Hawai'i at 416, 16 P.3d at 257 ("To the extent that *Kupau* held that the failure to give an included offense instruction was plain error even when the defendant was convicted of the charged offense, *see* [*Kupau*] 76 Hawai'i at 396, 879 P.2d at 501, it conflicts with the rationale of *Holbron*, which we reaffirm here and, in that aspect, [*Kupau* ] can no longer be regarded as controlling."), even though the *Kupau* trial court did not instruct the jury on any included offense. *Kupau*, 76 Hawai'i at 390, 879 P.2d at 495. And as for the specter of jury nullification conjured by Gunson in the last paragraph of his reply argument, the *Haanio* court expressly noted a converse possibility of jury nullification, yet still overruled the *Kupau* plain error holding:

> To some extent, the presumption that jurors follow instructions is "a reasonable practical accommodation of the interests of the state and the defendant." *Holbron*, 80 Hawai'i at 46, 904 P.2d at 931 (internal quotation marks and citations omitted). "This court has repeatedly invoked this 'presumption.' " *Id. Kupau* did refer to the risk that "[t]he jury, if it cannot agree on the basic issue of guilty, may seek the course of least resistance in the jury room and unjustly convict on the lesser offense instead of forthrightly acquitting." [*Kupau*, ]76 Hawai'i at 394 n. 11, 879 P.2d at 499 n. 11.
>
> However, as with every other charge to the jury, for example, the presumption of innocence and the prosecution's burden of proof beyond a reasonable doubt, the belief that the jury will adhere to instructions such as those pertaining to included of-

fenses is buttressed by trial safeguards. These safeguards include voir dire in jury selection, the sanctity of the jurors' oath, the trial court's approbation of the instructions, and counsels' opportunity to argue the application of the instructions to the case.

*Haanio*, 94 Hawai'i at 417 n. 17, 16 P.3d at 258 n. 17 (some brackets in the original). We observe as well that the overruled *Kupau* opinion expressly acknowledged the very possibility of jury nullification alluded to by Gunson:

> On the other hand, if a jury is instructed only with respect to the offense charged and one or more of the jurors "believe that the defendant has committed some crime, but not necessarily the one charged," the absence of included offense instructions could cause them to "convict the defendant [of] the greater charge in order not to let the defendant go free or cause a mistrial." *State v. Yamashiro*, 8 Haw.App. 595, 607, 817 P.2d 123, 130 (1991). If instructed as to relevant included offenses and thus afforded additional conviction options, those jurors not convinced beyond a reasonable doubt of the defendant's guilt as to the offense charged would presumably have a heightened incentive to remain steadfast in their beliefs and refuse to accede to a guilty verdict on the original charge.

*Kupau*, 76 Hawai'i at 394, 879 P.2d at 499 (brackets in the original).

■ We conclude that the absence of an included offense jury instruction in this case, if error, was harmless beyond a reasonable doubt. *Haanio*, 94 Hawai'i at 415–16, 16 P.3d at 256–57. We are confirmed in this conclusion by the example of *Pauline, supra.* In *Pauline*, as in this case, the trial court gave the jury no included offense instructions and the jury convicted Pauline of the offense charged. *Pauline*, 100 Hawai'i at 364, 60 P.3d at 314. The supreme court stated:

> Even if there had been a rational basis to instruct the jury with respect to an offense included within [the charged offense of] second degree murder, the circuit court's erroneous failure to do so would nevertheless have been harmless because the jury found Pauline guilty of murder beyond a

reasonable doubt. As we held in *Haanio,* the failure to instruct the jury on an included offense

> is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions. The error is harmless because jurors are presumed to follow the court's instructions, and, under the standard jury instructions, the jury in reaching a unanimous verdict as to the charged offense or as to the greater included offense, would not have reached, much less considered, the absent lesser offense on which it should have been instructed.

*Haanio,* 94 Hawai'i at 415–16, 16 P.3d at 256–57 (internal quotations, brackets, and citations omitted). Thus, the circuit court did not err by failing to engage in an on-the-record colloquy with Pauline before excluding the included offense instructions.

*Pauline,* 100 Hawai'i at 381, 60 P.3d at 331.

The March 12, 2001 judgment of the court is affirmed.